BLUM BUILDING COMPANY, complainant,

*v.*

CHARLES GUARINO, defendant.

[Decided March 14th, 1928.]

*Mr. Michael G. Alenick,* for the complainant.

*Mr. Ferdinand D. Masucci,* for the defendant.

BACKES, V. C.

The complainant sues to recover down money on a contract to purchase land of which, as charged, the defendant had not good title and could not grant according to his contract. The contract calls for a lot one hundred by two hundred and eighty feet more or less on the westerly side of Lincoln avenue, Newark. The defendant has title by a survey which calls for a lot four hundred and twenty-three feet in depth from which there is excepted a tract of land in the rear of his property "beginning at a point in the southerly line of lot No. 60, block 680, therein distant three and twenty-five hundredths feet easterly from the easterly line of Summer avenue; thence running easterly along the said southeasterly line of said lot No. 60, sixty-eight and fifty-eight hundredths feet to the northwesterly corner of lot No. 11 on said block; thence running southerly along the westerly line of the same thirty-eight and forty-two hundredths feet to the southwesterly corner of said lot No. 11 one hundred and thirty feet; thence southerly seventy feet more or less to the

southerly line of the tract hereby conveyed; thence westerly one hundred and ninety feet more or less to the southeasterly corner of lot No. 55 on said block, and thence northerly along the easterly line of the same one hundred and eight and twenty-five hundredths feet to the place of beginning." The location of this excepted area is the thing in dispute. The lot and block numbers refer to the Newark tax map as it stood in 1916; in that year the map was rearranged. The description of the excepted area was first used in 1919 and the framer used the old map for the location. The lots referred to in the description of the excepted area are located with certainty on the map, and using this as our guide there can be no question that the excepted area extends fifteen feet plus over the defendant's rear line as established by his survey. This circumstance standing alone would not warrant a recovery in view of the fact that the contract calls for a depth of two hundred and eighty feet "more or less." But this difficulty presents itself. A three-car cement garage on the rear of defendant's lot extends fourteen feet over the rear line and over and on the excepted area. The land agreed to be sold included the garage, and as the defendant had not title the complainant was justified in rescinding and is entitled to the return of the purchase price and disbursements.

Decree for complainant.